## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM P. BAGLEY,                          )
                                            )
            Petitioner,                     )
                                            )    Criminal No. 2:14-cr-00098
            v.                              )    Civil No. 2:17-cv-01370
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
            Respondent.                     )

## **OPINION**

### **Mark R. Hornak, Chief United States District Judge**

Defendant/Petitioner, William Perry Bagley ("Bagley"), was indicted for his role in a currency counterfeiting conspiracy on April 22, 2014. (ECF No. 3). The indictment charged two counts: a violation of 18 U.S.C. § 471 and a violation of 18 U.S.C. § 371. (*Id.*). Bagley moved to suppress evidence seized from his apartment, arguing that the search warrant failed to describe the premises to be searched with sufficient particularity. (ECF No. 52).[1] The Court denied his motion on September 29, 2015. (ECF Nos. 75, 76).[2] Bagley pleaded guilty to both counts of the indictment on January 7, 2016. (ECF No. 96). Bagley was then sentenced to a term of incarceration of forty-one (41) months on June 1, 2016. (ECF No. 139). Bagley timely appealed

---

[1] Bagley's original attorney, Akin Adepoju, first filed a Motion to Suppress Evidence on November 3, 2014. (ECF No. 33). Attorney Adepoju moved to withdraw his representation on February 4, 2015, when it was discovered that continued representation would cause an actual conflict of interest. (ECF No. 43). Attorney Adepoju's motion was granted on February 9, 2015. (ECF No. 44). Attorney Michael Moser was thereafter appointed to represent Bagley, and he filed the Motion to Suppress Evidence at ECF No. 52. That motion was intended to "replace and supercede [sic]any previously filed Motions to Suppress Evidence or Supplements thereto." (ECF No. 52 ¶ 3).

[2] Another member of the Court, the Honorable Gustave Diamond, presided over Bagley's case from its commencement through Bagley's sentencing.

-1-

the Court's denial of his suppression motion, and the Third Circuit affirmed all aspects of the Court's ruling on January 30, 2017. *United States v. Bagley*, 674 F. App'x 169 (3d Cir. 2017).

Now before the Court is Bagley's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 149). In his Motion, Bagley asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, that he is entitled to relief due to prosecutorial misconduct, that he is actually innocent of the charges, and that an intervening change in the law now renders his sentence unconstitutional.

Bagley was appointed sub-counsel for this Motion. Sub-counsel filed a brief addressing the ineffective assistance of counsel contention. (ECF No. 159). The United States responded in opposition to all grounds raised by Bagley and his sub-counsel. (ECF No. 168). Bagley then supplemented his Motion with additional argument *pro se*, (ECF No. 170), and his sub-counsel informed the Court that the matter is ripe for disposition. (ECF No. 172). For the reasons that follow, the Court concludes that an evidentiary hearing is unnecessary and the Motion will be DENIED.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from the affidavit of probable cause in support of the search warrant to search Bagley's apartment, the Third Circuit's opinion affirming the denial of Bagley's suppression motion, the transcript from Bagley's Change of Plea Hearing, and other docket entries at Crim. No. 14-cr-00098. From May 2013 until June 20, 2013, the United States Secret Service investigated a currency counterfeiting scheme occurring in Western Pennsylvania. (Aff. of Probable Cause ¶ 9, ECF No. 33-2). Three cooperating witnesses—CW1, R.H., and J.R.—were interviewed by law enforcement officers and implicated William Bagley in the scheme, (*Id.* ¶¶ 10–26), and a search warrant of Bagley's apartment was obtained. The search

warrant listed the premises to be searched as "Apt #2" on the "second floor" of an apartment building. *Bagley*, 674 F. App'x at 170. Bagley's apartment was on the third floor. *Id.*

A search of Bagley's apartment produced evidence of counterfeiting activity, including printing equipment. *Bagley*, 674 F. App'x at 170. Ammunition was also found during a search of the apartment. (Br. in Supp. at 3, ECF No. 159). Bagley was indicted on April 22, 2014, for counterfeiting and passing United States currency in violation of 18 U.S.C. §§ 471–72 and conspiracy to commit the same in violation of 18 U.S.C. § 371. (ECF No. 3).

Bagley moved to suppress the evidence seized from his apartment, arguing that the issued search warrant did not describe the premises to be searched with sufficient particularity. (ECF No. 52). The Court held a hearing on this issue. (ECF No. 71). The Court then denied Bagley's suppression motion, holding that the search warrant described the premises with sufficient particularity, and even if it did not, the good faith exception to the exclusionary rule would apply. (Op. at 6, ECF No. 75). Bagley then entered a conditional plea of guilty to both counts of the indictment on January 7, 2016, and was sentenced to forty-one (41) months of incarceration on June 1, 2016. (ECF No. 139). Bagley timely appealed the denial of his suppression motion to the Court of Appeals for the Third Circuit, and the Third Circuit affirmed all aspects of the ruling on January 30, 2017. *Bagley*, 674 F. App'x at 171.

As Mr. Bagley's case was progressing, significant developments were occurring in the context of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On May 12, 2015, slightly more than one year after Bagley was indicted, the Eighth Circuit affirmed a district court opinion that held that burglary under Iowa law qualified as a predicate violent felony for ACCA purposes. *United States v. Mathis*, 786 F.3d 1068 (8th Cir. 2015). The Supreme Court granted Mathis's petition for writ of certiorari on January 19, 2016, and then reversed the Eighth

Circuit's ruling on June 23, 2016. *Mathis v. United States*, 136 S. Ct. 2243 (2016). In so doing, the Supreme Court held that a conviction under the Iowa burglary statute is not a predicate violent felony for ACCA purposes because the elements of the Iowa statute "cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)." *Id.* at 2251. In *United States v. Steiner*, the Third Circuit, on remand from the Supreme Court for further consideration in light of *Mathis*, reached the same conclusion with respect to Pennsylvania's burglary statute. 847 F.3d 103, 120–21 (3d Cir. 2017). In so doing, the Third Circuit abrogated its holding in *United States v. Bennett*, 100 F.3d 1105, 1109–10 (3d Cir. 1996), which held that a Pennsylvania burglary conviction could be a predicate offense for ACCA purposes as long as it could be proven that "the trier of fact necessarily found all of the elements of generic burglary" in convicting a defendant.

These developments in ACCA jurisprudence are relevant to Mr. Bagley's case because of his prior criminal history and the evidence that was obtained from his apartment. Bagley was convicted of burglary under Pennsylvania law in 2002 and was also convicted of two robberies under Pennsylvania law in 2005. (Br. in Supp. at 3, ECF No. 159). Ammunition was found during the search of his apartment, so he could have also been charged with 18 U.S.C. § 922(g) as a convicted felon in possession of ammunition. (*Id.*). Based on his three prior convictions, which would have all qualified as violent felonies prior to *Mathis*, Bagley would have been subject to a fifteen-year mandatory minimum sentence of incarceration pursuant to ACCA, 18 U.S.C. § 924(e), had he been charged with possessing the ammunition in violation of § 922(g).

Bagley raises grounds of ineffective assistance of counsel, prosecutorial misconduct, actual innocence, and "change in law." The prosecutorial misconduct claim is premised on a number of allegations. Namely, Bagley alleges that he was prosecuted with "known to be false

-4-

evidence" and that he was prosecuted with evidence that was known to have been illegally obtained due to an allegedly deficient search warrant. Bagley also claims that the prosecutor perjured himself and acted in bad faith in asserting that ACCA's mandatory minimum applied to Bagley, despite the pendency of the *Mathis* case. Finally, Bagley claims that he was selectively prosecuted because he was charged in federal court whereas other cooperators in the conspiracy were prosecuted in state court, and that the prosecutor only had evidence of his innocence. Bagley's actual innocence claim is premised on the alleged falsity of the statements given by cooperators in the case. The "change in law" claim is essentially a recasting of Bagley's ineffectiveness of counsel claim—he claims that his attorney should have sought to postpone his case until after *Mathis* was decided.

Bagley did not directly appeal any of the issues that he now raises in his § 2255 motion. He accurately acknowledged that he was "barred by his plea agreement" from doing so. (Mot. to Vacate at 4, 6, 7, 8). As part of his plea agreement, Bagley agreed to waive his right to appeal his conviction or sentence, subject to limited exceptions, which included the suppression issue. He confirmed, under oath and in open Court, at his Change of Plea Hearing that he understood that he was waiving a majority of his appellate rights and was doing so knowingly and voluntarily. (Change of Plea Hrg. Tr. at 18:10–19:21, ECF No. 120).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). An evidentiary hearing is required for a § 2255 motion unless the filings and record of

the case conclusively demonstrate that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *see also Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). It is a relatively light burden for a petitioner to demonstrate that an evidentiary hearing is warranted. *See United States v. Askew*, No. 09-64, 2010 WL 324447, at *5 (W.D. Pa. Jan. 21, 2010) In determining whether an evidentiary hearing is required, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005).

## III. ANALYSIS

Bagley waived most of his appellate rights as part of his plea agreement with the federal government. As summarized by the prosecution during Bagley's Change of Plea Hearing held on January 7, 2016:

> The defendant waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. Sections 1291 or 18 U.S.C. Sections 3742, subject to the following exceptions:
>
> A, if the United States appeals from the sentence, William Perry Bagley may take a direct appeal from the sentence.
>
> If, one, the sentence exceeds the applicable statutory limits set forth United States Code or, two, the sentence unreasonably exceeds the guideline range determined by the Court under the sentencing guidelines, the defendant may take a direct appeal from the sentence.
>
> C, as a condition to his guilty plea, the defendant may take a direct appeal from his conviction limited to the following issue.
>
> The district court's opinion and order, as docketed at entries No. 75 and 76, which denied the defendant's motion to suppress evidence, which is defendant's Docket No. 52, defendant's reply at 59, defendant's supplement to the motion to suppress at Docket No. 69, and defendant's pro se supplement to the motion to suppress at Docket No. 73.
>
> If the defendant takes a direct appeal raising this issue and prevails in the appeal, he may withdraw his plea of guilty. If he does not take a direct appeal, does not prevail on the appeal, the plea of guilty shall stand.
>
> The foregoing reservations to the right of appeal on the basis of specific issues do not include the right to raise issues other than

those specified. Nothing in the foregoing waiver of appellate rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains the right to oppose any such claim on procedural or substantive ground.

(Change of Plea Hrg. Tr. at 17:2–18:9). The Court then summarized these provisions for Bagley, and Bagley confirmed under oath, on the record, in open Court that he understood that such rights were being forfeited. (*Id.* at 18:10–19:21). After a detailed colloquy with Bagley, and a summarization of the evidence by the prosecution, the Court concluded that there was an adequate factual basis for the guilty plea and that the plea was being made knowingly and voluntarily. (*Id.* at 23:6–25:19). Bagley pleaded guilty to both charges in the indictment on the same date. (ECF No. 96).

Collateral review under § 2255 is "not a substitute for direct review." *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Thus, "issues that should have been raised on direct review may not be raised with a § 2255 motion" and are procedurally defaulted. *United States v. Travillion*, 759 F.3d 281, 288 n.11 (3d Cir. 2014). A defendant may only present a claim that has been procedurally defaulted if he "can first demonstrate either "cause" and actual "prejudice" or that he is "actually innocent."" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). An agreement to waive a direct appeal of a sentence and/or conviction operates as a waiver of a collateral attack. *See, e.g.*, *Trentacosta v. United States*, 914 F. Supp. 63, 65 (S.D.N.Y. 1996); *United States v. Kuhl*, 816 F. Supp. 623, 632 (S.D. Cal. 1993).

To satisfy the "cause" prong, "the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."" *Werts v. Vaughn*, 228 F.3d 178, 192–93 (3d Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478 (1986)). To demonstrate prejudice, a petitioner must show more than a mere "*possibility* of

prejudice" and that the alleged errors "worked to his *actual* and substantive disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Both elements are necessary; if either cannot be shown then the procedural default cannot be excused. *Id.* at 168.

### a. Prosecutorial Misconduct

All of Bagley's grounds for alleging "prosecutorial misconduct" could have been reviewed on direct appeal and thus Bagley has procedurally defaulted on them. First, Bagley claims that he was prosecuted with "known to be false evidence," referencing a *pro se* notice that he filed at ECF No. 100. (Mot. to Vacate at 5). Bagley also followed-up on the notice at ECF No. 100 with additional *pro se* motions at ECF Nos. 108, 109, and 110.

The Court held a hearing on these motions on March 22, 2016, and denied all of Bagley's *pro se* motions in a written memorandum and order on the same date. (ECF No. 115). The Court noted that Bagley "did not request any type of relief other than that the court take into consideration the allegations that he was setting forth in his "notice" in imposing sentence" and concluded that Bagley "[i]n essence . . . filed a *pro se* sentencing memorandum." (*Id.* at 2). The Court further concluded that such a memorandum is premature, and reiterated that Bagley pleaded guilty in the case and affirmed his intention to stand by his guilty plea at the hearing held on March 22, 2016. (*Id.* at 3). The denial of these motions, and any relief that they may have requested, could have been raised on direct review. Bagley waived the opportunity to raise such an issue on direct review, and thus he has procedurally defaulted on this ground. Bagley has raised no evidence to excuse his failure to raise these issues on direct review. Nor could he, because he knowingly and voluntarily waived the right to directly appeal his sentence and conviction as part of his plea agreement.

-8-

Bagley next premises his prosecutorial misconduct allegation on being prosecuted with "known illegal evidence" obtained from a "rubber stamped warrant." (Mot. to Vacate at 5). Once again, Bagley references one of his *pro se* filings (ECF No. 85) in support of this contention. (*Id.*). The Court denied Bagley's motion at ECF No. 85 on October 29, 2015 in a written memorandum and order. (ECF No. 88). As before, the denial of this motion could have been raised on direct review, Bagley knowingly and voluntarily waived his right to directly appeal this issue as part of his plea agreement, and Bagley has not produced any other evidence to excuse his failure to raise these issues on direct review.

Bagley also contends that the prosecution "knew CW1's statement was false" and that he was selectively prosecuted because he was prosecuted in federal, rather than state, court. Bagley references ECF Nos. 100 and 109, more *pro se* filings, for these assertions. These filings were considered by the Court and denied in the same written memorandum and order referenced above. (ECF No. 115). As before, the denial of these motions (and any relief they may have requested) could have been raised on direct review, Bagley knowingly and voluntarily waived his right to directly appeal his sentence or conviction, and he has produced no evidence to justify his failure to bring these issues on direct review.

Moreover, this contention does not facially state a ground for relief. Selective prosecution occurs when "the decision whether to prosecute" is based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Oyler v. Boles*, 368 U.S. 445, 456 (1962)). Courts apply a "demanding" standard for proving a selective prosecution claim. *Armstrong*, 517 U.S. at 463. Here, Bagley has not even alleged—let alone produced evidence—that he has been prosecuted for an unconstitutional reason.

Bagley next contends that the prosecutor committed "perjury" and prosecuted him in "bad faith" because the prosecutor "admitted at [his] change of plea hearing that [he] met the criteria to be enhanced under ACCA w/ Burglary charge – knowing Mathis case was waiting to be decided." The "perjury" allegation is baseless. The Court has reviewed the transcript from the Change of Plea Hearing, (ECF No. 120), and has found no statement made by the prosecution that so much as mentioned ACCA's mandatory minimum sentence provision, let alone its application to Mr. Bagley. And, even if the prosecution *had* represented to Bagley or the Court that Bagley satisfied the criteria to be subjected to ACCA's mandatory minimum sentence provision, it would have been an accurate recitation of the then-current law. Bagley's change of plea hearing was held on January 7, 2016. The Supreme Court did not grant review in *Mathis* until January 19, 2016, and *Mathis* was not decided until June 23, 2016. On January 7, 2016, a conviction for burglary under Pennsylvania law could be a predicate violent felony for ACCA purposes if it could be proven that "the trier of fact necessarily found all of the elements of generic burglary" in convicting the defendant. *Bennett*, 100 F.3d at 1109–10.

Bagley's "bad faith" accusation is similarly unsupported by any factual allegations. The prosecution had "probable cause to believe that the accused committed an offense defined by statute" and therefore "the decision whether or not to prosecute, and what charge to file or bring before a grand jury" was entirely within the prosecutor's discretion.[3] *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The prosecution did nothing more than present Bagley with an alternative course of action (seeking a superseding indictment and adding a § 922(g) charge) that the prosecution might take should Bagley decide to go to trial. Presenting this "risk of more severe punishment" is "an inevitable—and permissible—attribute" of our plea-bargaining

---

[3] Sub-counsel for Bagley admits that ammunition was found during a search of Bagley's apartment, (Br. in Supp. at 3), and it is not disputed that Bagley was a convicted felon at the time. Thus, there would have been probable cause to believe that Bagley committed a violation of 18 U.S.C. § 922(g).

system. *Id.* (internal quotations omitted). Moreover, Bagley has produced no evidence that the prosecution's motivation to file a superseding indictment was "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (quoting *Oyler*, 368 U.S. at 456). For these reasons, the Court concludes that nothing improper about the prosecution's presentation of the possibility of a superseding indictment.

Finally, Bagley claims that the prosecution "had only evidence of [his] innocence and informants [sic] falsity" and "claimed my informants did not know each other when secret service caught all the informants in a row together." (Mot. to Vacate at 5). Bagley provides no support for these assertions and they are directly contradicted by his statements under oath at his Change of Plea Hearing. The prosecutor put on the record the factual basis for Bagley's guilt, and Bagley affirmed that he agreed with the summary and pleaded guilty to all charges. (Change of Plea Hrg. Tr. at 24:5–25:19). That is, Bagley himself agreed that the prosecution had sufficient evidence of his guilt, which completely undercuts his present assertion that the prosecution "had only evidence of [his] innocence." (Mot. to Vacate at 5). Bagley has done nothing to call these solemn admissions into doubt, aside from the bald and conclusory assertions he now advances, which are insufficient grounds to warrant an evidentiary hearing. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991).

In sum, the Court concludes that all of Bagley's points raised in his "prosecutorial misconduct" ground have either been procedurally defaulted (because they could have, but were not, raised on direct appeal) or are nothing but bald and conclusory allegations that do not warrant an evidentiary hearing. Bagley has put forth no evidence demonstrating that he meets the "cause and prejudice" standard to excuse his procedural default. *Cf. Bousley*, 523 U.S. at 622. Nor has Bagley produced any evidence that he is actually innocent of the crimes that he

knowingly and voluntarily confessed to while under oath in open Court. The Court therefore concludes that there is no basis to excuse Bagley's procedural default on this ground. The Court further concludes that the files and records of the case conclusively show that Bagley is entitled to no relief on this ground, and thus an evidentiary hearing is unwarranted and this ground will be dismissed.

### b. Actual Innocence

Despite knowingly and voluntarily pleading guilty to both counts in the indictment in open Court and under oath, Bagley now claims that he is actually innocent. In support, he claims that the statements from CW1, R.H. and J.R. were all "known to be false" and that he was "never seen or caught with counterfeit money." He also cites his *pro se* documents at ECF Nos. 100, 102, 109, and 110 in support. (Mot. to Vacate at 7).

Even taking all of Bagley's contentions as true, *i.e.*, that the witness statements he references were truly false, that he "was never seen or caught with counterfeit money," and that he was arrested because a "person said [he] gave them something and based on nothing more," (Mot. to Vacate at 7), the Court nonetheless conclude that Bagley's actual innocence ground is meritless. Notably, Bagley does not actually assert that he did not commit the crimes that he pleaded guilty to. Instead, his support for his "actual innocence" claim is directed to the sufficiency and weight of the evidence in his case. A petitioner advancing an "actual innocence" claim must make a threshold showing "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). But importantly, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Bagley has advanced no evidence to cast doubt on the underlying factual basis for his guilty plea, nor to contradict his unqualified admissions, made

under oath, that he committed the crimes referenced in the indictment. In fact, in his oft-cited filing at ECF No. 100, Bagley states he "would like to be clear that I am not advocating my innocence in violation of my plea agreement, I accept responsibility and I pled guilty." (ECF No. 100 at 8).

The Court concludes that the files and records of the case conclusively show that Bagley is entitled to no relief on this ground, and thus an evidentiary hearing is unwarranted and this ground will be dismissed.[4]

### c.    Ineffective Assistance of Counsel

Bagley did not waive his right to collaterally attack his sentence based on ineffective assistance of counsel. (Change of Plea Hrg. Tr. at 18:4–7) ("Nothing in the foregoing waiver of appellate rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law."). There is also no procedural default for failing to raise an ineffective assistance of counsel claim on direct review. *Massaro v. United States*, 538 U.S. 500, 503–04 (2003).

To demonstrate that counsel was ineffective, a petitioner must demonstrate that counsel's performance fell below "the wide range of professionally competent assistance," and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court must be "highly deferential" when reviewing an attorney's performance, and there is a "strong presumption" that the attorney's conduct was reasonable. *Id.* at 689. The *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To demonstrate prejudice in the plea-

---

[4] The Court concludes that this ground raised by Bagley is substantively meritless. As an independent basis for denying relief, the Court also concludes that Bagley has procedurally defaulted on this ground. Once again, these contentions should have been raised on direct appeal and Bagley knowingly and voluntarily waived his rights to a direct appeal of his conviction or sentence. He has produced no evidence that he is actually innocent of the crimes that he confessed to nor has he produced any evidence justifying his failure to raise these claims on direct review.

bargaining context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Further, a guilty plea must be made knowingly and voluntarily by a defendant. *United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir. 2006) (citing Fed. R. Crim. P. 11(b)(2)). "Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer" is a consideration of whether a guilty plea is made knowingly and voluntarily. *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992).

Sub-counsel for Bagley argues that Bagley's guilty plea was not made knowingly or voluntarily because he was induced to plead guilty due to "threats" by the prosecution that he would be charged with violating 18 U.S.C. § 922(g) and subjected to ACCA's fifteen-year mandatory minimum sentence based on his criminal history. Sub-counsel further argues that Bagley's then-attorney Michael Moser ("Attorney Moser") rendered ineffective assistance and was the cause of the unknowing and involuntary guilty plea, because Attorney Moser should have known that the state of law surrounding ACCA was in flux. Thus, according to sub-counsel, Attorney Moser should have sought to continue the case as *Mathis* and *Steiner*, in the Third Circuit, were being decided. Presumably, had he done so, Bagley could have made an informed decision as to his guilty plea, because he would have known his true sentencing exposure. As the argument goes, had Bagley known that the ACCA fifteen-year mandatory minimum sentence ultimately could not be on the table, he would not have pleaded guilty and would have proceeded to trial.

Bagley stated during his Change of Plea Hearing that he was induced to plead guilty primarily because the prosecution promised not to seek a superseding indictment, thereby

avoiding ACCA's fifteen-year mandatory minimum sentence. (Change of Plea Hrg. Tr. at 25:20–26:22). And email exchanges between the prosecution and Attorney Moser facially indicate that the prosecution was indeed preparing to seek such a superseding indictment. (Br. in Supp., Exh. A, ECF No. 159-1). Bagley also reiterates in a supplement to his Motion to Vacate that he would not have pleaded guilty and would have chosen to proceed to trial had he known that the fifteen-year mandatory minimum sentence under ACCA could not apply to him. (ECF No. 149-1).

For the purposes of this Motion, the Court accepts Bagley's representations as true. That is, it is presumed that Bagley was induced to plead guilty because of the prosecution's promise to not seek a superseding indictment charging a violation of § 922(g) and that he would not have pleaded guilty and would have chosen to proceed to trial had he known that his prior burglary conviction could not be a predicate violent felony for ACCA purposes. Thus, Bagley could satisfy the "prejudice" prong of *Lockhart*. 474 U.S. at 59. Even so, the files and records of the case conclusively establish that Bagley is not entitled to relief. Even accepting all of Bagley's allegations as true and drawing all inferences in the light most favorable to Bagley, the Court concludes that Attorney Moser's conduct during and prior to Bagley's change of plea did not fall below "the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 687, and thus his claim fails. *See Travillion*, 759 F.3d at 294 ("[B]oth deficiency and prejudice must be proven to support a valid claim for relief for ineffective assistance of counsel.").

Bagley generally asserts that his attorney allowed him "to plead guilty under threat of ACCA – when because of Mathis decision [his] burglary is not a violent offense." (Mot. to Vacate at 4). Bagley further contends that Attorney Moser "should have postponed [his] case until after Mathis decision instead of telling [him] Mathis would not affect [him]." (*Id.*). Appointed sub-counsel also briefed this issue, and asserts that any reasonably competent

criminal defense attorney would have sought a continuance of the case while *Mathis* and *Steiner* were pending. The Court does not agree.

The problem with Bagley's argument is that, when Bagley pleaded guilty, the Supreme Court had not even granted review in *Mathis* and was months away from issuing its opinion in the case. Even though Bagley "might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel." *McMann v. Richardson*, 397 U.S. 759, 774 (1970). There is no evidence of such "derelictions" in this case. When Bagley pleaded guilty, it was well-settled law that Bagley's prior burglary conviction could have been a predicate violent felony for ACCA purposes. *See Bennett*, 100 F.3d at 1109–10. Even assuming that Attorney Moser knew everything about the procedural posture of *Mathis* (or any ACCA case, for that matter) in late 2015 when plea negotiations were ongoing, all he would have known was that a petition for writ of certiorari had been filed following the Eighth Circuit's *affirmance* that Iowa's burglary statute qualified as a violent felony for ACCA purposes. It would be entirely unrealistic to expect Attorney Moser, or any competent criminal defense attorney, to predict that the Supreme Court would grant review in *Mathis* and then reverse the Eighth Circuit given what was (or could have been) known in late 2015. The law does not require such a degree of predictive abilities. *See United States v. Henson*, 948 F. Supp. 431, 434 (M.D. Pa. 1996) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law.") (quoting *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996)).

Nor would the procedural posture of *Steiner*, then-pending in the Third Circuit, have given Attorney Moser a basis to anticipate the change in ACCA jurisprudence. Contrary to sub-counsel's assertions in his briefing, *Steiner* was *not* "stayed pending the resolution of *Mathis*."

(Br. in Supp. at 10, ECF No. 159). *Steiner* was argued in the Third Circuit for the first time on November 6, 2015. 815 F.3d at 128. The Third Circuit issued its first opinion in *Steiner* on March 3, 2016, which was three months *prior* to *Mathis*'s resolution. *Id.* Following *Mathis*, the Supreme Court granted review in *Steiner*, and remanded the case for further consideration in light of *Mathis*, *see Steiner v. United States*, 137 S. Ct. 494 (2016), but the case was never stayed.

In fact, had Attorney Moser acted on a "prediction" that *Mathis* would change the definition of a violent felony under ACCA, his conduct would likely have been reckless in light the state of the law during the plea negotiations. It had been firmly settled law that a conviction for burglary under Pennsylvania law could be a predicate offense for ACCA purposes. *Bennett*, 100 F.3d at 1109–10. The *only* development during plea negotiations that *might have* called that into doubt was a petition for a writ of certiorari that was filed out of the Eighth Circuit. It would be unrealistic for Attorney Moser to seek to continue Bagley's entire case based upon a possibility that the Supreme Court *might* decide to hear a specific case and then *might* rule in a way that was beneficial to his client. A criminal defense attorney is not ineffective in failing to seek a continuance simply because there is a pending petition for writ of certiorari in a case raising similar legal issues. If that were so, virtually *any* guilty plea could be subjected to such a hindsight challenge.

To summarize, Attorney Moser rendered his client appropriate and competent representation during the plea negotiation process based on the state of the law at the time. *See Fountain v. Kyler*, 420 F.3d 267, 277 (3d Cir. 2005) (holding that an attorney's advice that was reasonable based on the state of the law at the time was not rendered unreasonable because the law developed in a disadvantageous manner). The Court rejects Bagley's contention that it was

ineffective for Moser to "allow" him to plead guilty during the pendency of *Mathis*, or that Attorney Moser was in any way ineffective in failing to anticipate that the Supreme Court would accept *Mathis* for review, or that Court's ruling in *Mathis*, during plea negotiations and up to Bagley's guilty plea. "The courts are uniform that counsel will not be held ineffective for failing to predict future developments in the law." *United States v. Monac*, No. 06-489, 2006 WL 2261616, at *1 (W.D. Pa. Aug. 7, 2006) (collecting cases from the Third, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuit Courts of Appeals).[5]

The remaining contentions in Bagley's ineffective assistance of counsel ground are raised elsewhere in his Motion and have already been discussed. Bagley argues that his counsel was ineffective in not filing a discovery motion regarding the "rubber stamped warrant" obtained to search his apartment and that Attorney Moser allowed him to be "prosecuted with illegal evidence." (Mot. to Vacate at 4).

Bagley once again cites his *pro se* filing at ECF No. 100 in support of the contention that the evidence is "illegal." The Court has already addressed why Bagley has defaulted on these claims and others stemming from that filing. Also, the Third Circuit affirmed that the searched warrant authorizing the search of Bagley's apartment was not defective, *Bagley*, 674 F. App'x at 170, and thus the evidence was not "illegal." This argument about allegedly "illegal" or "known to be false" evidence has been raised before, and rejected by, this Court and the Third Circuit, as it pertains to Bagley's Fourth Amendment challenges. Such claims will not be relitigated at this juncture.

Further, both of these claims raised by Bagley are directed to strategic litigation tactics. A client has the right to make certain "fundamental" decisions which include "whether to plead

---

[5] The Court expresses no opinion as to whether the Court's conclusion would be different had the Supreme Court granted review in *Mathis* prior to Bagley's guilty plea.

guilty, whether to testify, and whether to take an appeal." *Sistrunk*, 96 F.3d at 670. "After consultation with the client, all other decisions fall within the professional responsibility of counsel." *Id.* (internal citations omitted). If a decision relates to the *means* of representation rather than the *objective* of representation, that decision is left to the discretion of counsel. *See Gov't of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1435 (3d Cir. 1996) (holding that the decision of whether to bring a certain piece of evidence to the attention of the district court was not a "fundamental" decision and related to the means of representation, thus it was a decision that was left to the discretion of counsel).

Bagley does not allege that Attorney Moser did not consult with him regarding his concerns about the evidence in his case. Both of his contentions are challenges to strategic litigation tactics employed by Attorney Moser, namely, whether to advance certain arguments related to the search warrant or the statements from certain witnesses. These are not "fundamental" decisions, and as in *Weatherwax*, Attorney Moser retained the discretion as to these decisions. Taking an appropriately and highly deferential view of Attorney Moser's conduct, *see Strickland*, 466 U.S. at 691, and taking the facts as alleged by Bagley as true, the Court concludes that Bagley has failed to produce sufficient evidence that Attorney Moser's conduct fell below the "wide range of professionally competent assistance." *Id.* at 690. Bagley had an opportunity to challenge the "illegality" of the warrant and the evidence seized from his apartment on direct appeal, and it appears to the Court from a review of the docket that all avenues for relief were explored. And, more importantly, Bagley pleaded guilty to all of the charges in the indictment. Bagley stated under oath that he agreed with the prosecution's summary of the evidence against him and the Court found that there was an adequate factual basis for the guilty plea. (Change of Plea Hrg. Tr. at 25:10–19). Such admissions by Bagley

directly refute his contentions that he was "prosecuted by known to be false evidence." Bagley cannot now claim that Attorney Moser was "ineffective" for allowing him to be "prosecuted by known to be false evidence" when Bagley himself, under oath, admitted that the government's recitation of the facts was accurate.

The Court concludes that the files and records of the case conclusively show that Bagley is entitled to no relief on this ground, and thus an evidentiary hearing is unwarranted and this ground will be dismissed.

### d. Change in Law

Bagley's "change in law" ground is twofold. First, he asserts that the intervening change of law as announced by the Supreme Court in *Mathis* and the Third Circuit in *Steiner* rendered the prosecution's "threats" of a superseding indictment hollow. For the reasons explained above, any references to ACCA's mandatory minimum sentencing provision as it would apply to Bagley, based upon his criminal history, would have been accurate descriptions of the law as it existed in late 2015 when the plea negotiations were occurring. Neither the prosecution nor Attorney Moser could be fairly expected to predict a change in the law regarding whether burglary under Pennsylvania law qualifies as a "violent felony" for ACCA purposes prior to the Supreme Court granting review in *Mathis* (at the earliest). The Supreme Court's decision in *Mathis* and the Third Circuit's decision in *Steiner* do not retroactively make the prosecution's conduct during plea negotiations improper, unlawful, or in bad faith. Thus, Bagley is entitled to no relief on that ground.

The remainder of Bagley's "change in law" ground is a recasting of his ineffective assistance of counsel ground. Namely, Bagley claims that his attorney should have asked to continue his entire case while these cases were being decided. This is precisely the grounds for

relief that were asserted in his ineffective assistance of counsel ground. Because the allegations in this ground related to the prosecution's conduct are meritless, and the allegations related to Bagley's counsel's conduct are duplicative of those raised in the ineffective assistance of counsel ground, the Court concludes that the files and records of the case conclusively show that Bagley is entitled to no relief on this ground, and thus an evidentiary hearing is unwarranted and this ground will be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

To pursue an appeal from a final order in a § 2255 proceeding, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability "may issue only upon 'a substantial showing of the denial of a constitutional right.'" *Michael v. Horn*, 459 F.3d 411, 418 n.9 (3d Cir. 2006) (quoting 28 U.S.C. § 2253(c)(2)). When the denial of a § 2255 motion is based on the merits of the claims, the petitioner is required to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the foregoing reasons stated, Bagley has not made the required showing with respect to the issues decided herein. Therefore, the Court declines to issue a certificate of appealability regarding those issues.

## V.  **CONCLUSION**

The Court concludes that the files and records of the case conclusively show that Bagley is entitled to no relief on any of the grounds that he raises in his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 149). Even when accepting all of Bagley's factual allegations as true, all of his grounds have either been procedurally defaulted or are substantively meritless. Bagley has advanced no allegations or evidence to excuse his procedural defaults. Bagley's Motion (ECF No. 149) will therefore be DENIED.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated:   February 27, 2019

cc:    All counsel of record

William P. Bagley, via U.S. Mail